**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 7, 2015

LETTER TO COUNSEL

      RE:    *Carla Elise Ayres v. Commissioner, Social Security Administration*;
             Civil No. SAG-14-2062

Dear Counsel:

      On June 26, 2014, Plaintiff Carla Elise Ayres petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

      Ms. Ayres protectively filed her claim for benefits on July 14, 2010, originally alleging a disability onset date of January 1, 2010. (Tr. 60, 137-40). Her claim was denied initially and on reconsideration. (Tr. 62-65, 69-70). Hearings were held on October 11, 2012, and May 9, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 24-59). Following the hearing, the ALJ determined that Ms. Ayres was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13-20). The Appeals Council ("AC") denied Ms. Ayres's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Ayres suffered from the severe impairments of fibromyalgia, history of spine and lower leg trauma, osteoarthritis, obesity, asthma, hypertension, and gastroesophageal reflux disease, and non-severe impairments including depression, anxiety, carpal tunnel syndrome, and gall bladder surgery. (Tr. 15-16). Despite these impairments, the ALJ determined that Ms. Ayres retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except she can perform only simple unskilled work with a sit/stand option and must avoid exposure to concentrated pulmonary irritants.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Ayres could perform jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 19-20).

Ms. Ayres raises three primary arguments on appeal: (1) that the ALJ's sit/stand limitation in the RFC assessment was insufficiently specific; (2) that Ms. Ayres's carpal tunnel syndrome was severe and required additional limitations; and (3) that the ALJ erroneously assessed Ms. Ayres's credibility. Each argument lacks merit, and is addressed below.

First, Ms. Ayres suggests that the RFC assessment, which included "a sit/stand option," did not sufficiently specify the frequency of her need to alternate sitting and standing. Pl. Mot. 6-7. At the hearing, the ALJ defined "sit/stand option" as jobs which "could be done in either the sitting or standing positions." (Tr. 55). Neither the VE nor Ms. Ayres's counsel asked any clarifying questions, and thus the question, as posed, allowed for sitting or standing at will. Such an arrangement provides a worker with the maximum flexibility in conforming work conditions to immediate physical needs. Thus, I find no error in the ALJ's RFC assessment.

Next, Ms. Ayres contests the ALJ's evaluation of her carpal tunnel syndrome. Pl. Mot. 7-8. The ALJ found her carpal tunnel to be non-severe, citing the lack of specialized treatment and the fact that it had no more than a *de minimis* effect on her ability to perform work. (Tr. 15). Step two is simply a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment ... there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), she is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), however, the analysis proceeds to the next step. *Id.* In this case, the ALJ determined that Ms. Ayres suffered from several severe impairments, and, thus, proceeded to steps three and four of the sequential evaluation. (Tr. 16-18). At step four, while determining the extent of Ms. Ayres's functional limitations, the ALJ thoroughly evaluated both Ms. Ayres's subjective complaints and her medical record, and referenced her diagnosis of carpal tunnel syndrome and clinical observations relating to her ability to lift, carry and handle objects and her range of motion in her hands and wrists. (Tr. 17). Accordingly, any error by the ALJ at step two, regarding whether Ms. Ayres's carpal tunnel syndrome constituted a severe impairment, was harmless. Moreover, the records cited by Ms. Ayres do not substantiate a restriction to "less than frequent" grasping and handling. While Ms. Ayres's medical records support the diagnosis of carpal tunnel syndrome based on the positive Tinel's sign, no physician suggested any restriction greater than a limitation to "frequent" grasping and handling. (Tr. 329-30, 353, 474). Accordingly, there is no basis to conclude that Ms. Ayres is unable to fulfill the requirements of the jobs identified by the VE.

Finally, Ms. Ayres suggests that the ALJ erred in making an adverse credibility assessment by applying an incorrect standard. Pl. Mot. 9-14. The ALJ used some inartful phrasing in his analysis where he suggested that Ms. Ayres lacked evidence that she was "completely unable to perform any work activities" or "totally disabled in function." (Tr. 17). However, taken in context, it is clear that the ALJ was assessing whether Ms. Ayres was capable

*Carla Elise Ayres v. Commissioner, Social Security Administration*
Civil No. SAG-14-2062
April 7, 2015
Page 3

of engaging in substantial gainful employment, not whether she was unable to perform any functions whatsoever.

With respect to the medical records, it is true that what appears to be a partial single treatment note post-dating October, 2012 is contained in the file. (Tr. 478). That partial note reflects no significant change in Ms. Ayres's condition. *Id.* Ms. Ayres's counsel, at the hearing, declined to hold open the record to provide updated medical information from more recent treatments. (Tr. 36). Ms. Ayres's contention that the ALJ had promised to obtain the medical records lacks merit. Pl. Mot. 14. The ALJ clearly stated that if Ms. Ayres has a representative, she would become responsible for obtaining and/or copying medical records, but if that she proceeds without a representative "the Administrative Law Judge will obtain the relevant medical and nonmedical records and question you at the hearing." (Tr. 27). Ultimately, Ms. Ayres opted to continue the case to try to find a representative, and later retained her counsel. Thus, the determination not to provide updated medical records for the evidence, which may or may not have supported the credibility of her assertions, rests on her shoulders. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (*citing Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)) ("The claimant has the burden of production and proof in Steps 1–4.").

In assessing Ms. Ayres's credibility, the ALJ reasoned that she had no significant findings on objective testing, demonstrated relief from medication and rest, and had no serious clinical findings even during periods when she reported significant pain. (Tr. 17-18). The thoroughness of the ALJ's evaluation is bolstered by the fact that he determined Ms. Ayres to be more limited than suggested by the State agency consultants, who had deemed her capable of performing a restricted range of light work. (Tr. 18). In sum, while the opinion could have been better worded, the ALJ supported his conclusions with substantial evidence, and remand is therefore inappropriate.

For the reasons set forth herein, Ms. Ayres's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The Commissioner's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge